**Steven K. REXFORD, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–6195.

Court of Appeals of Alaska.

July 25, 1997.

Rebecca Wright, Assistant Public Defender, Barrow, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

Eric A. Johnson, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, C.J., MANNHEIMER, J., and JOANNIDES, District Court Judge.*

*OPINION*

MANNHEIMER, Judge.

Steven K. Rexford was arrested for possessing or consuming alcohol while under the age of 21, AS 04.16.050. Based on this arrest, the Department of Public Safety commenced administrative proceedings against Rexford's driver's license under AS 28.15.183. Rexford's license was ultimately revoked in these administrative proceedings.

In the meantime, Rexford's prosecution for minor consuming alcohol was still pending in the district court. Following the administrative revocation of his driver's license, Rexford asked the district court to dismiss the criminal prosecution. Rexford contended that the administrative revocation of his license was a "punishment" for purposes of the double jeopardy clauses of the federal and state constitutions.[1] He argued that because he had already been punished once for his violation of the liquor laws, it would be illegal to punish him again for the same conduct.

Rexford acknowledged that this court had rejected a similar argument in *State v. Zerkel*, 900 P.2d 744 (Alaska App.1995). In *Zerkel*, we held that the administrative revocation of a driver's license based on a breath test result or a breath test refusal did not constitute "punishment" for double jeopardy pur-

---

* Sitting by assignment of the chief justice made pursuant to Article IV, Section 16 of the Alaska Constitution.

1. *See* the Fifth Amendment to the United States Constitution and Article I, Section 9 of the Alaska Constitution.

poses. Rexford argued, however, that *Zerkel* was distinguishable from his case because, unlike the defendants in *Zerkel*, Rexford had not engaged in any act of driving—only drinking. Rexford argued that the Department of Public Safety had no valid administrative interest in regulating or restricting his ability to drive based on his act of drinking, when that drinking was unconnected to the operation of a motor vehicle.

Magistrate Karen R. Hegyi agreed with Rexford that the issue was whether a minor's act of consuming liquor "bears a direct relation to the government's regulatory goals or to the proper administration or enforcement of the regulatory scheme". *Zerkel*, 900 P.2d at 757. However, Magistrate Hegyi concluded that a minor's consumption of alcohol did, in fact, bear "a direct relation to the government's proper regulatory goal of making the highways safe". Magistrate Hegyi wrote,

> Studies have shown that young drivers who drink are a danger not only to themselves but to everyone else. Teenagers have the highest alcohol-involved fatal accident rate of any age group. Alcohol-related traffic deaths are the number one killer of fifteen- to twenty-four-year-olds, and they account for approximately fifty percent of all teenage deaths. In addition, sixteen-to twenty-four-year-old drivers represent twenty percent of licensed drivers in the United States and [they account for fewer] than twenty percent of total miles driven, yet they account for forty-two percent of all fatal alcohol-related deaths. *See Johnson v. State Hearing Examiner's Office*, 838 P.2d 158, 182 (Wy. 1992), (dissenting opinion of Justice Brown), citing Rosenthal, *The Mininum*

*Drinking Age for Young People*, 92 Dickenson L.Rev. 649, 654–660 (1987–88). "Memorandum Order Denying Motion to Dismiss", pp. 6–7 (with some minor editorial changes). The magistrate therefore denied Rexford's motion to dismiss, and Rexford was subsequently convicted of minor consuming.

Rexford has appealed the district court's decision, but he has elected to rely on his trial court memorandum rather than file a brief in this court. This is his right under Alaska Appellate Rule 217(f). However, Rexford's trial memorandum was written before Magistrate Hegyi issued her decision, and Rexford's choice not to file a brief means that he has presented no rebuttal to Magistrate Hegyi's findings regarding the valid administrative purpose for revoking the driver's licenses of underage drinkers.[2,3]

Based on the district court's findings, we too conclude that there is a valid regulatory purpose in restricting or revoking the driver's licenses of underage drinkers. We therefore hold that administrative license revocations under AS 28.15.183 are not "punishment" for double jeopardy purposes. A minor whose license has been revoked in an administrative proceeding under that statute may still be prosecuted for the offense of minor consuming.

The judgement of the district court is AFFIRMED.

---

**2.** In his trial memorandum, Rexford asserts in conclusory fashion that the State could have no valid purpose in taking administrative action against the driver's license of an underage drinker. Rexford does not anticipate or respond to the findings made by Magistrate Hegyi regarding the disproportionate danger that teenage drinking poses to highway safety.

**3.** Rexford's decision not to file a brief also means that he has failed to address the fact that one of

the cases he relied on heavily in his memorandum, *United States v. $405,089.23 in U.S. Currency*, 33 F.3d 1210 (9th Cir.1994), was reversed by the United States Supreme Court four months before Rexford filed this appeal. *See United States v. Ursery*, —— U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996).